No. 21,368.

M. S. GILLIDETT, *Appellee*, v. JAMES H. HAYDEN, *Appellant.*

SYLLABUS BY THE COURT.

CONTRACT—*Sale of Land—Interest on Payments—Title.* A contract for the sale of land provided that the buyer should pay interest at seven per cent on the agreed price from the date the title was approved; it also contained a provision that he should pay the interest on an existing mortgage on the land for $4,000, bearing eight per cent, until the date named for the payment of $5,000 on the purchase price; in an action in which the sole controversy was as to the date when, by the approval of the title, the buyer became liable for interest, *held*, that the existence of such mortgage could not be regarded as an obstacle to the approval of the title, at least where by oral evidence an understanding was shown to the effect that the mortgage was to be satisfied out of the $5,000 payment.

Appeal from Meade district court; LITTLETON M. DAY, judge. Opinion filed March 9, 1918. Affirmed.

*Frank S. Sullivan,* of Meade, for the appellant.

*H. Llewelyn Jones,* of Meade, for the appellee.

The opinion of the court was delivered by

. MASON, J.: On March 4, 1915, a written contract was entered into for the sale of land by M. S. Gillidett to James H. Hayden. It provided for the payment of $1,100 down and $5,000 on August 1, 1915, and for the giving of a mortgage for the balance of $14,000, with interest at seven per cent from the date titles were approved. The deal was carried out, but in the settlement interest was computed only from August 1, 1915. Gillidett brought an action against Hayden alleging that the title had been approved on March 6, and asking for interest from that date to August 1, amounting to $392. The plaintiff recovered, and the defendant appeals.

At the conclusion of the plaintiff's evidence the defendant demurred. The demurrer was overruled, but the plaintiff asked leave to introduce further evidence. The request was granted, and more, evidence was given. The demurrer was then renewed, and again overruled. The defendant assigns error upon each of these rulings. The reopening of the case was within

Gillidett v. Hayden.

the discretion of the trial court, and the only substantial questions involved are whether incompetent evidence was admitted, and whether the evidence was sufficient to support a finding that the title was approved on March 6.

On that date the attorney who made the examination for the defendant reported that the title was good and marketable, subject to a mortgage for $4,000. He added that if any improvements had been made within four months, proof should be furnished that the labor and material had been paid for, and that if the land was occupied by any one other than the plaintiff, inquiry should be made as to the claims of the occupant. In other words, the effect of the report was that the record title was clear (subject to the mortgage), but that grounds for mechanics' liens might exist without a lien statement having been filed, if improvements had been made within four months, and that a claim under an unrecorded instrument might be good if made by some one in possession. There is no suggestion that any such improvements were made, or that any one else was in possession, and these matters did not involve any delay in passing on the title, and apparently are not relied upon as having had that effect. But the mortgage referred to was not released until the $5,000 was paid, in August, being satisfied out of that payment. The defendant maintains that the title was not cleared and was not approved until the mortgage was discharged, and that he should not be required to pay interest until that time.

The plaintiff contends that within the meaning of the contract the title was to be regarded as approved when he had shown to the satisfaction of the defendant his ability to perform his contract; that the existence of a mortgage for a less amount than the payment to be made in August did not prevent the approval of the title; and that if there would otherwise have been any doubt about this proposition, it was put at rest by the fact (to which he testified) that there had been an understanding between the parties that the mortgage was to be paid out of the $5,000 installment due in August. The defendant insists that the plaintiff's testimony regarding this understanding was incompetent, because it was hearsay, being based on what others had told the witness. When the evidence was offered it was objected to only on the ground that it tended

to vary the written agreement. On cross-examination it was developed that most of the plaintiff's information on the subject was derived from what his own agents had told him, but it was not made clear that he was entirely without direct knowledge concerning it.

The written contract contained a paragraph reading as follows:

"Said first party [the plaintiff] is to furnish within a reasonable time an abstract of title certified to date by a bonded abstracter, showing a good and merchantable title to the said premises, clear of all incumbrances or liens except. It is also agreed that said purchaser is to pay the interest on a certain $4,000 mortgage now on said land from date of contract to the date the $5,000 payment is made at 8 per cent."

The provision that until the time arrived for the payment of the $5,000 installment the purchaser should pay interest on the $4,000 mortgage at 8 per cent—that being the rate borne by the mortgage debt—seems inconsistent with the idea that the existence of the mortgage could constitute an obstacle to the approval of the title. It plainly suggests an expectation of the parties that the mortgage should be satisfied out of the $5,000 payment. If it does not in itself amount to an agreement to that effect, it forms a basis for the admission of oral evidence to show that such was the understanding of the parties. We therefore think that there was no error in the admission of the testimony referred to, and that the evidence is sufficient to support the decision.

The judgment is affirmed.